UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. MWASI,<br>   Plaintiff,<br>  v.<br>TROY TAIRA, et al.,<br>   Defendants. | Case No. 22-cv-00974-JD<br><br>**ORDER RE DISMISSAL**<br>Re: Dkt. No. 2 |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

## DISCUSSION

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

1    omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

2    face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face"

3    standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

4    must be supported by factual allegations.  When there are well-pleaded factual allegations, a court

5    should assume their veracity and then determine whether they plausibly give rise to an entitlement

6    to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

7    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

8    the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

9    committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff seeks habeas relief in this civil rights action.  "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id*.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement.  *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 562 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82).  In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'" *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487).  A claim that meets the statutory criteria of § 1983 may be asserted unless it is within the core of habeas corpus because "its success would release the claimant from confinement or shorten its duration." *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2014) (citing *Preiser*, 411 U.S. at 500).

Plaintiff challenges his 2020 denial of parole by the Board of Parole Hearings. For relief he seeks to be released from prison. To seek release from custody, plaintiff must file a habeas petition after he has properly exhausted his claims in state court. While a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true, however: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

## CONCLUSION

1. This action is **DISMISSED** without prejudice and plaintiff may file a habeas petition once he has properly exhausted his claims in state court. The motion to proceed in forma pauperis (Dkt. No. 2) is **VACATED**. No fee is due.

2. The Clerk is requested to close this case

**IT IS SO ORDERED.**

Dated: February 23, 2022

JAMES DONATO
United States District Judge

3